UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>  v.<br><br>JORGE VICTOR ARIAS,<br><br>  Defendant. | NO. CR-07-2060-LRS-2<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS** |

   BEFORE THE COURT is Defendant Jorge Victor Arias' Motion to Dismiss For Discovery Violations, Ct. Rec. 68, filed December 2, 2007. A jury trial was previously scheduled for December 4, 2007 but was continued based on the present motion to dismiss filed December 2, 2007. Defendant Arias, represented by Alex Hernandez, III, argues that under *Roviaro v. U.S.*, 353 U.S. 53, 60-61 (1957) the Court can and should dismiss the case based on the government's failure to disclose information it was required to disclose. More specifically, the government did not provide the grand jury transcript until approximately two business days before trial nor the identity of the confidential informant at any time prior to trial and within the time required by the Court's order of July 16, 2007 (three weeks before trial). Defense argues there are no other witnesses or information it can use to prepare or present a defense at this stage in the proceedings. The government, represented by James Hagarty argued that dismissal was a harsh outcome

ORDER GRANTING MOTION TO DISMISS - 1

and that the Court should adopt a remedy which preserves the government's right to proceed. The government indicates that it has been diligent but unsuccessful in trying to locate the confidential informant and that the failure to provide the grand jury transcript when specified was due to matters beyond its control. Further, the government argues that grand jury transcripts were ultimately not required for disclosure based on the government's inability to use the witness who testified at the grand jury.

The Court finds that the identity of the confidential informant is potentially critical to the defense based on the lack of other witnesses and should have been timely disclosed in accord with the Court's order. Prejudice results from defendant's inability to prepare a trial strategy. Based on information supplied during oral argument, there is little likelihood that the confidential informant can be located at any reasonable time in the future. Additionally, though not essential to the Court's ruling if this case goes forward, the weight of the available remaining evidence against the Defendant and the absence of the confidential informant is in serious dispute. This order is intended to supplement and confirm the oral ruling issued from the bench at the time this matter came on for a hearing. Accordingly,

**IT IS HEREBY ORDERED:**

1. Defendant Arias' Motion to Dismiss, **Ct. Rec. 68**, is **GRANTED**. The Indictment is dismissed with prejudice.

///

2. The trial date of January 7, 2008 is **VACATED**.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this order and to provide copies to all counsel, the U.S. Probation Office, the U.S. Marshal, and the Jury Administrator.

**DATED** this  20th   day of December, 2007.

*s/Lonny R. Suko*

_____
               LONNY R. SUKO
         UNITED STATES DISTRICT JUDGE

ORDER GRANTING MOTION TO DISMISS - 3